

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2020
```

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

March 18 2020

**VIA ECF**

Honorable Stewart Aaron
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In Re Application Of Shervin Pishevar For An Order to Take Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. §1782* **(19-mc-00503-JGK-SDA)**

Dear Judge Aaron:

      We represent Respondent Marcus Baram in this proceeding. We write to request an order unsealing certain documents submitted to the Court or filed under seal by both Petitioner and Respondent, which currently remain held (by Respondent's counsel only, not Petitioner's counsel) on an "Attorneys Eyes Only" basis.[1]

      The grounds for unsealing are that to the extent there was a need for such confidential treatment, there is no longer, and such filing under seal now serves only to prejudice our client's interests and infringe on our ability even to consult with him and obtain his instructions in this case.  Furthermore, the documents proved highly relevant to the determination of this proceeding, so the Court should unseal them as required by the common law right of access to the courts and the First Amendment.

---

[1] The specific items are:  (1) the Witt Witness Statement, referenced in the Declaration of Charlotte Watson at para. 28, requested by and submitted to the Court by Petitioner's counsel on February 7, 2019 for *in camera* review, subsequently filed under seal as ECF 45; (2) the "Forged Police Report," requested by and submitted to the Court by Petitioner's counsel on February 5, 2019 for *in camera* review, subsequently filed under seal as ECF 46 "Subject Police Report"; (3) Letter from Lucas Bento dated February 14, 2020 and its accompanying Exhibits 1, 2 and 3, submitted per the Court's February 10, 2020 order and subsequently filed as ECF 51 "Letter from Lucas Bento"); (4) Attachment to Letter from Toby Butterfield dated February 18, 2020, submitted by Respondent's counsel on February 18, 202o and subsequently filed under seal ECF 64 "February 18 letter and attachment "Comparison Chart"; and Respondent's Memorandum of Law in Opposition to Motion for Reconsideration [UNREDACTED] and its unredacted attachment, filed under seal as ECF 63 "Memorandum of Law in Opposition."

4486151v1 019198.0101



The sealing order was never intended to last as long as it has. Prior to oral argument, the court directed petitioner to submit certain documents, which his counsel did *ex parte*, subsequently sending us copies when we requested them. During oral argument on February 10, 2020, the Court directed Petitioner to submit for *in camera* review whatever documents Petitioner received from the City of London Police at or around the time of his arrest. *See* ECF No. 44. At that time, the Court engaged in no fact-finding as to whether there was a need to maintain the long-term confidentiality of those documents, which concern events from nearly three years ago which did not result in any criminal prosecution, but which are now newly relevant to this proceeding brought by Petitioner. They proved relevant to the Court's denial of Petitioner's application. There is therefore no reason why they should still be filed under seal. The Court did not make such a finding on the record, and did not hear evidence why the documents should be filed under seal at all.

To protect my client, I requested that the documents should at least not be submitted by Petitioner's counsel on an *ex parte* basis, and that I and my colleagues as counsel should receive copies so we would have some opportunity to respond to Petitioner's arguments about them. That partial interim arrangement is no longer adequate to protect my client's interests. These documents – and the parties' starkly differing interpretations as to whether the True Police Report (ECF 51) is consistent with the Forged Police Report (ECF 46) or not - have become an important part of the continuing factual disputes in this proceeding. Nevertheless, I and my colleagues as Respondent's counsel are currently unable even to show these critical documents to our client, whether to obtain instructions as to what to do in this proceeding, or to gain Mr. Baram's valuable insight into the documents' content and their import. Those insights are uniquely available from my client, as Mr. Baram is an investigative journalist who spent months investigating the facts and criminal investigation in England which gave rise to this dispute. Petitioner and his various counsel and spokespeople and press advisors have had nearly three years to review and analyze these documents with their client. Such asymmetry is manifestly unfair in the determination of this proceeding. And whatever confidentiality concerning facts surrounding the criminal investigation in the UK might have existed previously, Petitioner cannot now avoid this Court's and Respondent's scrutiny of facts that bear directly on this application, as he chose to pursue it before this Court.

Furthermore, Petitioner cannot avoid public scrutiny of this Court's proceedings. The papers should be unsealed because the public is being deprived of the opportunity to access documents filed with the Court on which this proceeding's outcome depends. No showing has been made, let alone an evidentiary record created, as to why facts surrounding Mr. Pishevar's arrest, detention and subsequent investigation should be kept in any greater confidence than details of arrests of other persons in the public eye, or of others who are accused of, arrested for crimes and investigated subsequently. We live in a free and open society, in which justice should not just be done, but should be seen to be done. The public has a right to see what basis the Court has for ruling in the manner it has ruled.

Currently, this Court's oral direction on February 10, required us as Respondent's counsel to file their brief with the Court under seal, yet we could not even allow our own client, his employer or their UK lawyer expert witness to see an unredacted copy of what we filed in Respondent's name. We could only show them the publicly-available redacted version we



prepared, which omits any description of or any details from the True Police Report or other documents filed under seal.  The Court's sealing order has thus resulted in direct and real ongoing prejudice to our client, who was unable to instruct us or advise us in preparing his defense in this proceeding.

   The law does not permit or countenance the ongoing maintenance under seal of documents that are crucial to the determination of a proceeding in court.  Instead, documents that are "relevant to the performance of the judicial function and useful in the judicial process are considered judicial documents to which the common law right of access attaches." *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 4100615, at *27 (S.D.N.Y. Aug. 20, 2014) (internal citation and quotations omitted).  This "presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication."  *In re Terrorist Attacks on September 11, 2011*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal citation and quotation omitted). As such, "the party seeking a protective order has the burden of showing that good cause exists for issuance of that order ... [and] if good cause is not shown, the discovery materials in question should ... be open to the public for inspection." *In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir.1987). The Applicant has made no such showing here.

   We therefore respectfully request relief from the Court's oral direction to file certain documents herein "under seal," directions given purely on the basis of representations by Petitioner's counsel at oral argument on February 10.  For the reasons described above, those representations no longer justify continued maintenance of court filings "under seal," and Respondent's counsel should no longer be required to hold them purely on an "Attorneys Eyes Only" basis or to refrain from referring to or making arguments about their contents in publicly filed documents.

               Respectfully,

               /s/ Toby Butterfield

ENDORSEMENT: Petitioner shall respond to Respondent's motion to unseal no later than March 27, 2020. SO ORDERED.
Dated: March 19, 2020