USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

Case No. 1:19-MC-00503 (JGK) (SDA)

## STIPULATION AND CONFIDENTIALITY ORDER GOVERNING THE USE AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS Petitioner Shervin Pishevar and Respondent Marcus Baram ("Baram") (each a "Party," and together, the "Parties") in the above-captioned case ("This Action") agree that proceedings in This Action involve the submission and production of certain sensitive non-public, personal, commercial, financial, or business information of the Parties and other third-parties, and wish to set forth specific guidelines to reasonably restrict the disclosure and distribution thereof;

WHEREAS good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c), *Penn Grp., LLC v. Slater*, 2007 WL 2020099, at *13 (S.D.N.Y. June 13, 2007); and

WHEREAS the Parties have conferred in good faith and have agreed upon the terms of this Stipulation and Proposed Confidentiality Order;

IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that the Parties, along with their attorneys, shall be entitled to the benefits of and adhere to the following terms regarding certain documents disclosed, or filed in This Action:

1. Definitions:

    a. "This Action" shall mean the above-captioned proceeding.

    b. "Confidential Information" as used herein shall refer to the unredacted Affidavit of

1

Pishevar Source dated July 24, 2020 containing the name and other identifying information of Pishevar Source, as filed under seal by the Petitioner on September 8, 2020.

c. "Restricted Purpose" shall refer to the purpose of preparing and filing Respondent's Opposition memorandum of law to Petitioner's September 8, 2020 Motion to Supplement, Amend And/Or Renew the 1782 Application in This Action, and any objections, appeals and subsequent submissions pertaining to this Court's opinion and order thereof.

d. "Final Disposition" shall mean final judgment herein after the completion and exhaustion of all objections proceedings, and/or appeals in This Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2. As a condition for Petitioner to disclose Confidential Information to Respondent Baram, Respondent Baram shall only use Confidential Information solely for Restricted Purpose. Respondent shall not use Confidential Information for any other purpose.

3. Confidential Information shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity other than the following:

a. The Parties in this Action;

b. Counsel who represent Parties in This Action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting in the prosecution or defense of This Action for use in accordance

      with this Confidentiality Order;

    c. The Court, persons employed by the Court, and court reporters transcribing any hearing in This Action;

    d. The Pishevar Source.

4.     For avoidance of doubt, Respondent is prohibited from disclosing or sharing any summary, description, characterization of Confidential Information, or otherwise communicating or making available any contents of Confidential Information to any co-parties, amici, intervenors, or any third parties.

5.     Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Information. Persons having access hereunder to Confidential Information shall use it for Restricted Purpose only, and not for any other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted uses hereunder.

6.     Entering into this Confidentiality Order, agreeing to and/or producing or receiving discovery material, or otherwise complying with the terms of this Confidentiality Order, shall not:

    a. Prejudice in any way the rights of any Party to petition the Court for a further Confidentiality Order relating to any purportedly Confidential Information;

    b. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular material exchanged between the Parties;

    c. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Confidentiality Order;

       d.   Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

       e.   Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

7.    Within thirty (30) days after receiving notice of the entry of Final Disposition of This Action, all persons having received Confidential Information shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Information, and certify to that fact in writing to counsel for the Producing Party, except that (a) the Parties each may retain a copy of any order, decision, or award that may reflect Confidential Information, subject to the continuing obligations of this Confidentiality Order, and (b) the Parties' Counsel of Record may each retain one copy of their own attorney work product that reflects Confidential Information, subject to the continuing obligations of this Confidentiality Order.

8.    Without written permission from the Producing Party or an order from the Court secured after appropriate notice to all interested persons, a Party may not file in the public record any Confidential Information produced or submitted in This Action without appropriate redactions. In the event that either Party is served with an order, subpoena, or other legal process calling for the disclosure of any Confidential Information, the Party receiving such legal process shall, unless otherwise required by law, give prompt notice to the other Party and shall not disclose such Confidential Information until and unless the other Party agrees to the disclosure.

9.    The provisions of this Confidentiality Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or

further Order of the Court, shall survive and continue to be binding after the conclusion of This Action.

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | MOSES & SINGER LLP |
| By: /s/ Lucas V.M. Bento | By: /s/ Megan H. Daneshrad |
| Lucas V.M. Bento<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010 | Megan H. Daneshrad<br>405 Lexington Avenue<br>New York, New York 10174 |
| *Attorney for Petitioner Shervin Pishevar* | *Attorney for Respondent Marcus Baram* |

IT IS SO ORDERED.

Dated: 10/2/2020

_____
Hon. Judge Stewart D. Aaron