**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2020

IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

1:19-MC-00503 (JGK) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is the motion of Petitioner Shervin Pishevar ("Petitioner" or "Pishevar") to supplement, amend and/or renew his application and petition for an order to obtain discovery from Respondent Marcus Baram ("Respondent" or "Baram") for use in foreign proceedings pursuant to 28 U.S.C. § 1782. (9/8/20 Not. of Mot., ECF No. 86.)

For the reasons set forth below, Petitioner's motion is GRANTED and it is hereby ORDERED that Respondent shall, within fourteen (14) days of the date of this Opinion and Order, disclose to Petitioner the name and location of his Confidential Source (as defined herein).

**BACKGROUND**

On August 6, 2019, Petitioner filed an application, pursuant to 28 U.S.C. § 1782, to obtain discovery from Fast Company and Mansueto Ventures LLC ("Mansueto") for use in civil and criminal proceedings in the United Kingdom. (*In re Pishevar*, No. 19-MC-00370, 8/6/19 Mot., ECF No. 1.) The application arose from an article published by Fast Company regarding a police report (the "Subject Police Report") purportedly issued by the City of London Police ("COLP") that pertained to an alleged sexual assault by Pishevar, which report later was learned to be a forgery. (*See* 8/6/19 Pet. Mem., No. 19-MC-00370, ECF No. 3, at 1, 6.) At that time, Petitioner sought an Order authorizing the service of subpoenas upon Fast Company and Mansueto calling for the

production of documents relating to the Subject Police Report, including the identity and location of the author of the report and any other distributor of the report. (*See* 8/6/19 Bento. Aff. Ex. 2, No. 19-MC-00370, ECF No. 4-2.) On August 9, 2019, I granted Petitioner's application. (*See* 8/9/2020 Order, No. 19-MC-00370, ECF No. 8.)

In response to the subpoenas, Fast Company and Mansueto produced certain information about the Subject Police Report. *See In re Pishevar*, 439 F. Supp. 3d 290, 298 (S.D.N.Y. 2020). However, Fast Company and Mansueto refused, based on the reporter's privilege, to disclose to Petitioner the identity of the source (the "Confidential Source") who provided the Subject Police Report to their reporter, Baram. *See id*.

On October 31, 2019, Petitioner filed this action in which he made his second § 1782 application. (10/31/19 Application, ECF No. 1.) Petitioner sought to obtain from Respondent Baram information sufficient to identify the Confidential Source. *See In re Pishevar*, 439 F. Supp. 3d at 300. On February 18, 2020, I denied Petitioner's second application, finding that although he had met the mandatory criteria of § 1782, two of the discretionary *Intel* factors,[1] namely, whether the application circumvents U.S. policies and whether the application is unduly burdensome, weighed against Petitioner. *Id*. at 301-05. I found that these factors weighed against Petitioner because the Confidential Source was shielded by the reporter's privilege and because Petitioner "failed to make a clear and specific showing that the identity of the Confidential Source [was] not obtainable from other available sources." *Id*. at 306. Specifically, I found that there were questions regarding whether certain defendants named by Petitioner in a prior California

---

[1] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

lawsuit related to the Subject Police Report,[2] namely Definers Corp., Definers Public Affairs, Matthew Rhoades ("Rhoades") and Joseph Pounder ("Pounder") (collectively, the "Definers Defendants") were alternative sources of the identity of the Confidential Source. *See id*. at 307.

On March 3, 2020, Petitioner filed a motion for reconsideration. (*See* Mot. for Reconsid., ECF No. 59.) On April 14, 2020, I granted the motion for reconsideration because I had not given Petitioner the opportunity to be heard with respect to certain documents as to which I took judicial notice regarding Petitioner's California lawsuit against the Definers Defendants. *See In re Pishevar*, No. 19-MC-00503 (JGK) (SDA), 2020 WL 1862586, at *3 (S.D.N.Y. Apr. 14, 2020).

In his submissions in support of his motion for reconsideration, Petitioner had discussed another reporter, who he identified as the "Tech Reporter," and who later was identified as Kara Swisher ("Swisher"), and a senior political official in Washington, D.C., who he identified as the "Pishevar Source," as individuals from whom he had obtained information regarding the Subject Police Report. *In re Pishevar*, 2020 WL 1862586, at *5. Petitioner stated his belief that neither of them had information about the creators or distributors of the report. *See id*. I found that Petitioner had "failed to make a clear and specific showing that the identity of the Confidential Source is not obtainable from other available sources," noting that "Petitioner ha[d] tools available to him to obtain discovery from the Definers Defendants, the Pishevar Source and the Tech Reporter regarding the identity of the Confidential Source, including document discovery and sworn depositions (and to follow any leads that such discovery provides)." *Id*. Thus, I adhered to my decision to deny Petitioner's application. *See id*.

---

[2] *Pishevar v. Rhoades, et al.*, Case No. CGC17562305 (California Super. Ct., County of San Francisco).

On September 8, 2020, Petitioner filed the motion that is now before the Court to supplement, amend and/or renew his application. (*See* 9/8/20 Not. of Mot.) In support of his motion, Petitioner submitted affidavits from Pounder, Rhoades, Swisher and the Pishevar Source stating in substance that none of these individuals has any knowledge regarding the Confidential Source or of the provenance of the Subject Police Report.[3] (*See* Pounder Aff., ECF No. 89, ¶¶ 6-9; Rhoades Aff., ECF No. 90, ¶¶ 6-9; Swisher Aff., ECF No. 91, ¶¶ 4-8; Pishevar Source Aff., ECF No. 92, ¶¶ 6-10.)

On September 22, 2020, Respondent filed his opposition memorandum. (Opp. Mem., ECF No. 95.) Respondent argues, *inter alia*, that "Petitioner still has not exhausted alternative sources of evidence relating to the Forged Police Report." (Resp. Opp. Mem., ECF No. 95, at 1.) One of the potential alternative sources suggested by Respondent was Mark Fabiani ("Fabiani"), who Respondent describes as Petitioner's "crisis manager." (*See id*. at 12.) On September 29, 2020, Petitioner filed his reply memorandum. (Reply, ECF No. 96.) Petitioner also filed as affidavit from Fabiani, in which he states, among other things, that he "do[es] not know, nor do I have any information about, who created, distributed or have seen the Purported Police Report or any other document purporting to originate from the City of London Police (or of any other police force) that relates to an arrest of or investigation into Mr. Pishevar," and that he does not "know or have any information about anyone that may have such knowledge or information." (Fabiani Aff., ECF No. 97, ¶ 14.)

---

[3] On October 3, 2020, I entered an agreed-upon confidentiality order to protect the identity of the Pishevar Source. (*See* Conf. Order, ECF No. 98; *see also* Pet.'s 9/8/20 Ltr., ECF No. 93.)

**DISCUSSION**

I. **Legal Standards**

A § 1782 application is a discovery device to obtain evidence in the jurisdiction where the evidence exists. *See In re Application of Bracha Found.*, 663 F. App'x 755, 761 (11th Cir. 2016). There is nothing to prohibit a party seeking discovery from amending or supplementing its discovery requests. Thus, courts have permitted renewed applications pursuant to § 1782. *See In re Hoteles City Express, Sociedad Anonima Bursatil De*, No. 18-MC-80112 (JSC), 2018 WL 3753865, at *2 (N.D. Cal. Aug. 8, 2018) (granting renewed application after supplemental declaration filed).

With respect to the legal standards applicable to Petitioner's renewed § 1782 application, the Court incorporates by reference the "Legal Standards" section of its February 18, 2020 Opinion and Order. *See In re Pishevar*, 439 F. Supp. 3d at 300-01.

II. **Application**

   A. **Motion To Amend And/Or Supplement**

The Court, in its discretion, grants Petitioner's motion to amend and/or supplement his application. Implicit in the Court's prior rulings that Petitioner had "failed to make a clear and specific showing that the identity of the Confidential Source is not obtainable from other available sources," and that "Petitioner ha[d] tools available to him" to do so, *In re Pishevar*, 2020 WL 1862586, at *5, was that Petitioner could seek to make such a showing using available tools. Indeed, the very concept of an exhaustion requirement presupposes that a party seeking to obtain information protected by the reporter's privilege would have the opportunity to renew a motion seeking such information after exhausting other sources.

5

The Court next turns to the issue of whether, based upon the five new affidavits submitted by Petitioner, he is entitled under § 1782 to the name and location of the Confidential Source.[4]

**B. § 1782 Application**

With respect to the application of the mandatory criteria of § 1782 and the discretionary *Intel* criteria to the present case, the Court adopts its prior analysis contained in Discussion Sections I and II of the February 18, 2020 Opinion and Order. *See In re Pishevar*, 439 F. Supp. 3d at 301-05. As I previously found, but for the qualified reporter's privilege, Petitioner would have been entitled to the relief he sought. *See id*. at 301-07.

"The qualified [reporter's] privilege can be overcome only upon a clear and specific showing by the party seeking disclosure that the information is: (1) highly material and relevant to its action; (2) necessary or critical to the claim; and (3) not obtainable from other sources." *Application of Behar*, 779 F. Supp. 273, 275 (S.D.N.Y. 1991). As I found in my February 18, 2020 Opinion and Order, "the identity of the Confidential Source is highly material and relevant and is critical to maintenance of the contemplated civil and criminal proceedings." *In re Pishevar*, 439 F. Supp. 3d at 306. "The civil proceedings [in the United Kingdom] cannot be maintained without knowing the identity of the putative defendants and the criminal proceedings cannot be commenced without knowing the identity of the putative defendants." Id.

The question before the Court is whether Petitioner now has made a "clear and specific showing" that the name and location of the Confidential Source is not obtainable from other

---

[4] Although the subpoena that accompanied the Application in this case sought additional documents and information, Petitioner agreed to limit Respondent's response to the pending Application to the name and location of the Confidential Source. *See In re Pishevar*, 439 F. Supp. 3d at 305.

6

available sources so as to overcome the reporter's privilege. *In re Pishevar*, 2020 WL 769445, at *9 (citing *In re Petroleum Prod. Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982)). The Court finds that Petitioner has made such a showing. Petitioner has provided sworn affidavits from the persons who the Court previously identified as potentially having information regarding the identity of the Confidential Source (*i.e.*, Pounder, Rhoades, Swisher and the Pishevar Source), as well as an affidavit from another person identified in Respondent's opposition memorandum (*i.e.*, Fabiani).[5]

In opposition to Petitioner's renewed application, Respondent argues that there are certain purported inconsistencies between what the witnesses had previously told Pishevar and what they are now stating under oath. (Opp. Mem. at 6.) Even assuming that there are inconsistencies,[6] statements made by laypersons in unsworn contexts may differ from statements made under oath. Moreover, two persons to a conversation may have different recollections of what they said to one another. Nonetheless, any inconsistencies between sworn

---

[5] The Court finds that the sworn affidavits submitted by Petitioner are adequate substitutes for taking depositions of the witnesses since the affidavits make clear that the witnesses do not have information regarding the identity of the Confidential Source. *See The New York Times Co. v. Gonzales*, 459 F.3d 160, 171 (2d Cir. 2006) (exhaustion met through submission of affidavit). Thus, any depositions of such witnesses would be futile.

[6] For example, Respondent points to a statement in Pishevar's prior declaration in which he stated that Swisher had told him that "she heard from a confidential source that [he] made a payment to settle a sexual assault claim in London and had 'an incident with a prostitute in Europe.'" (*See* Opp. Mem. at 7 (citing Pishevar Decl., ECF No. 58-1, ¶ 16).) As Respondent notes (*see* Opp. Mem. at 7-8), Swisher states in her affidavit submitted as part of the motion before the Court that she has no knowledge or information about any purported sexual assault allegation and that she does not recall "communicating to Mr. Pishevar any information relating to any allegation that (1) he allegedly made a payment to settle a sexual assault claim or charge or (2) he allegedly had an incident with a sex worker in Europe." (Swisher Aff. ¶¶ 6, 8.) Swisher did recall saying to Pishevar at some point in time words to the effect that she heard he "had a bad date in London." (*Id*. ¶ 8.) The inconsistent recollections of Pishevar and Swisher are not material to the issue of the identity of the Confidential Source.

and unsworn statements do not render the sworn statements untrue. In any event, regardless of any inconsistencies, each of the witnesses is unequivocal that (s)he has no knowledge concerning the identity of the Confidential Source.

Respondent also argues that COLP personnel are potential sources of information regarding the identity of the Confidential Source. (Opp. Mem. at 13.) However, as the Court previously held, given Petitioner's extensive efforts to obtain information from the COLP, COLP personnel are not an available source.[7] *See In re Pishevar*, 439 F. Supp. 3d at 306.

Petitioner has come forward with sworn statements from five individuals in order to show that he has exhausted available sources of information regarding the identity of the Confidential Source. There is no magic number of witnesses who must be pursued in order for a court to determine that the requisite exhaustion has taken place. *See Lee v. Dep't of Justice*, 413 F.3d 53, 61 (D.C. Cir. 2005) (referring to "case-specific determination").

After careful consideration of all the record evidence, the Court finds that Petitioner has exhausted reasonable alternative sources of information. Thus, in my discretion, I find that the reporter's privilege has been overcome and Respondent shall disclose to Petitioner the name and location of his Confidential Source.

## CONCLUSION

For the foregoing reasons, Petitioner's motion is GRANTED and it is hereby ORDERED that Respondent shall, within fourteen (14) days of the date of this Opinion and Order, disclose to Petitioner the name and location of his Confidential Source.

---

[7] My February 18, 2020 Opinion and Order describes the efforts made by Petitioner's UK criminal counsel to obtain information from the COLP. *See In re Pishevar*, 439 F. Supp. 3d at 297-98.

8

**SO ORDERED.**

DATED: New York, New York
October 3, 2020

_____
STEWART D. AARON
United States Magistrate Judge